UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LYLE MODESTY, | ) | CASE NO. 1:11 CV 483 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro Se* plaintiff Lyle Modesty filed this civil rights action under 42 U.S.C. § 1983 against the City of Cleveland; City of Cleveland Housing Inspector Michael Shockley; John Doe City of Cleveland Police Officers; and John Doe City of Cleveland Housing Officials. In his Amended Complaint, plaintiff alleges the deprivation of his constitutional rights arising out of both the condemnation of his home, and two incidents during which he was arrested and detained by defendant John Doe City of Cleveland Police Officers. Plaintiff seeks monetary relief in the amount of $16, 210,000.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Background**

Plaintiff has a long history with the Housing and Police Departments of the defendant City of Cleveland, and has filed suit both in this Court and in state court on several occasions

1

regarding his interactions with members of those departments.[1] The specific claims set forth in plaintiff's Amended Complaint in the instant case arise out of two incidents that occurred in December 2006 and March 2009.

According to plaintiff, on December 29, 2006, defendant John Doe City of Cleveland Police Officers ("Cleveland Police Officers" or "Officers") arrived at plaintiff's home after plaintiff's mother, Justine Modesty, inadvertently called 911.[2] When defendant Cleveland Police Officers demanded to be let inside, plaintiff refused and asked to see a warrant. Plaintiff claims that the Officers then brandished weapons and continued to demand entrance to plaintiff's home. Plaintiff decided to comply with the Officers' request, despite the fact that they had not produced a warrant. He claims that he was then handcuffed, placed in the back of the police car, and taken to St. Vincent Charity Hospital, where shackles were allegedly added to his feet. Plaintiff states that he was held in the Cleveland city jail for 8 days and was denied the opportunity to make a telephone call for over 36 hours and denied access to a lawyer for a week. (Compl. at pp. 9-10).

Subsequently, on March 9, 2009, defendants Michael Shockley, John Doe City of

---

[1] As discussed in more detail *infra*, plaintiff previously filed suit against the same defendants in *Modesty v. City of Cleveland*, Cuy. Cmn. Pleas Ct. No. CV-07-645846 (J. Matia); *Modesty v. City of Cleveland*, Case No. 1:08-CV-3020 (J. Nugent) and *Modesty v. Shockley*, Case No. 1:09-CV-1581 (J. Gaughan).

[2] While plaintiff refers repeatedly in his Amended Complaint to the "invasion" and illegal search of his home by defendant Police Officers on December 29, 2006, he does not set forth any specific facts regarding that incident in either his Complaint or Amended Complaint in the instant case. However, the alleged facts surrounding this incident were set forth in a prior decision of this Court in the matter of *Modesty v. City of Cleveland*, 1:08-CV-3020 (J. Nugent). The Court will draw upon the facts as set forth in Judge Nugent's decision in order to provide background and context for plaintiff's claims in the instant case.

Cleveland Housing Officials ("Housing Officials"), and Cleveland Police Officers executed a Housing Court inspection warrant at plaintiff's residence, located at 3668 East 151st Street in Cleveland. This warrant, signed March 5, 2009, authorized officials from the City of Cleveland Building and Housing Department, the Department of Public Safety, the Division of Police and Fire, the Department of Aging and the Department of Public Health to enter plaintiff's residence in order to "diligently search and inspect the premises, including the exterior and interior, for violations of the Codified Ordinances of the City of Cleveland, and for conditions which are, or may become, hazardous to the general public, and which may be violations of Building, Housing, Health, Fire, and Safety Codes of the City of Cleveland." (Exh. A to Compl. filed in *Modesty v. Shockley*, Case No. 1:09-CV-1581).[3]

Plaintiff claims that, when the defendant Police Officers and Housing Officials arrived, he was preparing to do his laundry when he heard "male voices. . . boisterously moving through my home, and headed towards my kitchen." (Am. Compl. at 10). He entered his kitchen and found several defendant Police Officers in his home. He claims that, when he asked why they were there, the Officers drew their weapons and threatened him "both physically with their guns and verbally with their threats to use their guns." (Am. Compl. at 10). Plaintiff states that he was then handcuffed and removed from the house, without being permitted to first retrieve his keys, pack a bag, or "secure [his] home from thieves or the sundry predators who reside in and around my neighborhood." (Am. Compl. at 10). As he was being escorted from the house, plaintiff

---

[3] The facts surrounding the March 2009 warrant were set forth in this Court's decision in plaintiff's prior action, *Modesty v. Shockley*, Case No. 1:09-CV-1581 (J. Gaughan) and will be repeated here as necessary to provide context for plaintiff's claims in the instant case.

3

claims that he overheard defendant Shockley inform the police that plaintiff's house was being condemned and boarded. (Am. Compl. at 10).

Plaintiff was then transported to the psychiatric unit of St. Vincent Charity Hospital. He was questioned by doctors at the hospital, subjected to a blood test, and released several hours later. He contends that he was not permitted to return to his home to retrieve his belongings and was "very intimidated by the police officers' threats of violence." (Am. Compl. at 11). As a result, plaintiff asserts that he had nowhere to go and was suddenly homeless. He further claims that, during his forced absence, his home was robbed of all his possessions, including his car, van, tools, electronic equipment, three computers, piano, legal papers, snow blower, and "numerous other personal possessions." (Am. Compl. at 16).

Plaintiff asserts that his 3668 East 151st Street residence was subsequently condemned, and that two other properties owned by him (located at 4315 Wyatt Road and 9201 Quincy Avenue) were demolished by defendant City of Cleveland. Plaintiff claims that he was not given notice or a chance to defend his property or his rights prior to the demolition of these properties.

Plaintiff raises twelve claims for relief in his Amended Complaint.

Count I arises out of the December 2006 incident detailed above and claims that defendants invaded his privacy when they forcibly entered his home without a search warrant; assaulted the plaintiff and his mother; and detained plaintiff unlawfully.

Count II arises out of the March 2009 incident and alleges that defendants invaded his privacy when they unreasonably entered plaintiff's residence without a valid search warrant.[4]

---

[4] Specifically, plaintiff claims that the March 2009 search warrant was deficient because it (1) had expired; (2) lacked probable cause; (3) lacked reasonable suspicion; (4) lacked sufficient articulation of dangers to the

Count III claims that the December 2006 and March 2009 searches of his home and seizures of his person violated his Fourth Amendment rights.  Count III also claims that defendants violated his procedural due process rights in a number of respects. He claims that defendant City of Cleveland "originated and maintained unconstitutional ordinances" regarding administrative inspections and searches of private homes, and encouraged its employees to engage in unconstitutional actions.  He claims that the City's policies regarding administrative inspections are, in fact, a pretext devised by the defendants for conducting criminal searches. Plaintiff further claims that defendants' condemnation of his 3668 East 151st Street residence and demolition of his Wyatt Road and Quincy Avenue properties constitutes a "taking" without just compensation.

Count IV claims that his Sixth Amendment rights to counsel, speedy trial, a jury, and the assumption of innocence were violated during the course of an "abridged hearing" held before the Board of Building Standards.[5]  Count V claims that plaintiff was denied the right to a jury trial when defendants "took" his 3668 E. 151st Street residence in 2009. Count VI claims generally that plaintiff's Fourteenth Amendment due process rights were violated.

Count VIII[6] asserts claims for "aggravated trespass" relating to the 2006 and 2009 searches and seizures of his home and person. Count IX asserts claims for false arrest and false imprisonment arising out of the 2006 and 2009 incidents described above. Count X asserts a claim for assault "for repeated, and viable, articulated and demonstrated, threats of lethal force

---

        public; and (5) is "murky as to the details and ambiguous and deceptive as to terminology."  (Am. Compl. at 18-19).

[5]     Plaintiff does not state when this hearing occurred or what it was regarding.

[6]     Plaintiff's Amended Complaint inadvertently skips from Count VI to Count VIII.

and for physically overpowering plaintiff during his seizure, and or abduction, on March 9, 2009 and in December of 2006." (Am. Compl. at 25). Count XI claims that defendants harassed him by taking his home and seizing his possessions under threats of physical violence and legal retribution.

Count XII sets forth a claim for conspiracy to deny plaintiff his constitutional rights based upon defendant Shockley's use of "untrue, misleading, and grossly exaggerated" statements in his affidavit to support the City's March 2009 search warrant. He claims that the 2009 administrative search of his home was a pretext for a criminal search, and was in retaliation for his previous lawsuits against these same defendants. Plaintiff further asserts that his 3668 East 151st Street residence did not constitute a "public nuisance" and that defendants' seizure of this residence was the product of a conspiracy; constitutes an unconstitutional "taking" of his property; and is an example of defendants' "ongoing harassment" of plaintiff and his family.

Count XIII asserts a claim that defendants have engaged in an unlawful "taking" of his Wyatt Road and Quincy Avenue properties. Count XIV states that plaintiff's Eighth Amendment rights were violated "during 2006 and continuing into 2007" when plaintiff was not granted bail for an alleged misdemeanor offense.[7]

In his Prayer for Relief, plaintiff states that he is seeking a total of $16,210,000 in damages. Specifically, he seeks (1) $8 million for emotional and psychological distress; (2) $8 million in punitive damages; and (3) $210,000 in compensatory damages for his home and his Wyatt Road and Quincy Avenue properties, as well as his car, van, and other personal property on his premises at the time of his eviction.

---

[7] Plaintiff does not explain the factual bases of either of these claims.

**Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a plaintiff proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[8] A complaint is frivolous "where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 866. *See also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'" *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed. *Haines v.*

---

[8] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Kerner*, 404 U.S. 519, 520 (1972). *See also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Thomas*, 481 F.3d at 437.

For the reasons stated below, plaintiff's Amended Complaint is dismissed pursuant to §1915(e).

## Analysis

### I. Claims relating to the December 2006 and March 2009 Incidents

The majority of plaintiff's claims arise from the December 2006 and March 2009 incidents described above, and were considered on the merits and dismissed in previous state and federal lawsuits brought against the same defendants herein. For the reasons set forth below, the Court finds that these claims are barred by the doctrine of res judicata and/or the statute of limitations.

The doctrine of res judicata promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. *Parklane Hosiery Co v. Shore*, 439 U.S. 322, 326 (1979). *See also Martin v. Dana Driveshaft Manufacturing*, L.L.C., 2010 WL 3515597 at *2 (N.D. Ohio. Sept. 2, 2010). Res judicata applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first, (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims. *See Rawe v. Liberty Mut. Ins. Co.,* 462 F.3d 521, 528 (6th Cir. 2006); *Hamilton's Bogarts v. Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir. 2007); *Walker v. General Telephone Co.*, 2001 WL 1667282 at * 4 (6th Cir. Dec. 26, 2001).

The Sixth Circuit has held that, in order for the third and fourth elements of the above test

to be satisfied,"there must be an identity of the causes of action; that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). *See also Holder v. City of Cleveland*, 2008 WL 2787496 at *2 (6th Cir. July 17, 2008). Where the two causes of action arise from the "same transaction, or series of transactions," the plaintiff should have litigated both causes in the first action and may not litigate the second issue later. *See Rawe*, 462 F.3d at 529.

In the instant case, Counts I, II, III, V, VIII, IX, X, XI, and XII of plaintiff's Amended Complaint all stem directly from the December 2006 and March 2009 incidents described above. As discussed below, this Court has previously considered plaintiff's civil rights claims against these same defendants regarding these same two incidents in two previous federal lawsuits and has decided plaintiff's claims on the merits. The Court will discuss the applicability of res judicata to plaintiff's claims regarding each of these incidents separately.

        **A.**      **The December 2006 Incident**

Plaintiff filed suit against the City of Cleveland and several John Doe Cleveland Police Officers (among others) in this Court in December 2008, alleging claims for relief under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. *See Modesty v. City of Cleveland*, Case No. 1:08-CV-3020 (J. Nugent) (hereinafter "*Modesty I*"). Plaintiff's claims in *Modesty I* arose out of the same facts and circumstances surrounding the December 2006 incident at issue in the present case. In *Modesty I*, Judge Nugent considered plaintiff's civil rights claims regarding this incident on the merits and dismissed plaintiff's Complaint. In the course of his decision, Judge Nugent noted that plaintiff's § 1983 claims were barred by res judicata in light of plaintiff's previous state law

9

action against the same defendants in the Cuyahoga County Court of Common Pleas.  *See Modesty v. City of Cleveland*, Cuy. Cmn. Pleas Ct. No. CV-07-645846 (J. Matia).  Judge Nugent determined that plaintiff's state action had been decided on the merits when Common Pleas Court Judge David Matia granted summary judgment in the defendants' favor in August 2008.

In the instant case, the first and second elements of res judicata apply to plaintiff's claims regarding the December 2006 incident because *Modesty I* constitutes a final decision on the merits and involves several of the same parties, or their privies, (i.e. the City of Cleveland and John Doe Cleveland Police Officers), as the instant case.  In addition, the third and fourth elements of res judicata are satisfied because the instant case raises issues which were actually litigated or should have been litigated in *Modesty I*.  Indeed, plaintiff's current claims regarding the December 2006 incident arise from the same facts and circumstances at issue in *Modesty I* and raise many of the same legal theories, thus satisfying the requirement that plaintiff's second action (i.e. the instant case) share an "identity of facts" creating the right of action and "arise from the same transaction, or series of transactions" as the first action.  Accordingly, this Court finds that plaintiff's claims in the instant case relating to the December 2006 incident are barred by the doctrine of res judicata.

Moreover, the Court finds that these claims are subject to dismissal for the additional reason that they are barred by the statute of limitations. The Sixth Circuit has repeatedly held that Ohio's two year statute of limitations for personal injury actions applies to §1983 claims arising in Ohio.  *See LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*); *Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir., Apr. 24, 1998); *Fraley v. Ohio Gallia County*, No.

97-3564, 1998 WL 789385 at *1 (6th Cir., Oct. 30, 1998).

Plaintiff filed the instant case on March 9, 2011. All of his claims relating to the December 2006 incident in both the Complaint and his Amended Complaint state causes of action under § 1983. To the extent that plaintiff's claims relate to the December 2006 incident, plaintiff's claims are clearly barred by the statute of limitations.[9]

Accordingly, for all the reasons set forth above, plaintiff's claims relating to the December 2006 incident are dismissed pursuant to § 1915(e).

### B. The March 2009 Incident

Plaintiff's second federal lawsuit was filed in this Court on July 10, 2009 against all of the same defendants named in the instant case, i.e. the City of Cleveland, Cleveland Housing Inspector Michael Shockley, John Doe Cleveland Police Officers and John Doe Cleveland Housing Officials. *See Modesty v. Shockley*, Case No. 1:09-CV-1581 (J. Gaughan) (hereinafter "*Modesty II*"). In that case, plaintiff alleged procedural and substantive due process claims arising out of the condemnation of his 3668 E. 151st Street residence, and Fourth Amendment claims arising out of the City's execution of the March 2009 administrative warrant described

---

[9] In his Amended Complaint, plaintiff asserts that his claims stemming from the December 2006 incident are not barred by the statute of limitations because that incident was part of defendants' ongoing conspiracy against him, and the statute of limitations does not begin to run until the date of the last act of the conspiracy, which he claims is the March 2009 incident. The Court rejects this argument. At best, plaintiff makes only conclusory allegations that the defendants conspired to deprive him of his constitutional rights and fails to plead sufficient facts to support this claim. Moreover, even if the December 2006 incident is considered to be part of a larger conspiracy culminating in the March 2009 incident, all of plaintiff's claims regarding the March 2009 incident (including his conspiracy claim) are also barred by res judicata for the reasons discussed *infra*.

11

*supra*. This Court considered plaintiff's claims on the merits in Opinions dated August 12, 2009 and February 9, 2010. In its August 2009 Opinion, this Court considered plaintiff's procedural and due process claims against all the defendants on the merits and dismissed them under § 1915(e), but allowed his Fourth Amendment claims against the City of Cleveland and John Doe Police Officers to proceed. In its February 9, 2010 Opinion, the Court considered plaintiff's remaining Fourth Amendment claims on the merits and dismissed them pursuant to Fed. R. Civ. Proc. 12(b)(6).

In the instant case, the first and second elements of res judicata apply to plaintiff's claims regarding the March 2009 incident because *Modesty II* constitutes a final decision on the merits and involves all of the same parties, or their privies, (i.e. the City of Cleveland, Cleveland Housing Inspector Michael Shockely, John Doe Cleveland Police Officers, and John Doe Housing Inspectors), as the instant case. In addition, the third and fourth elements of res judicata are satisfied because the instant case raises issues which were actually litigated or should have been litigated in *Modesty II*. Plaintiff's current claims regarding the March 2009 incident arise from the same facts and circumstances at issue in *Modesty II* and raise many of the same legal theories, thus satisfying the requirement that plaintiff's second action (i.e. the instant case) share an "identity of facts" creating the right of action and "arise from the same transaction, or series of transactions" as the first action. Accordingly, this Court finds that plaintiff's claims in the instant case relating to the March 2009 incident are barred by the doctrine of res judicata.

Based on the above, the Court finds that those claims in plaintiff's Amended Complaint relating to the December 2006 and March 2009 incident (i.e. Counts I, II, III, V, VIII, IX, X, XI, and XII) are barred by the doctrine of res judicata and, where applicable, the statute of

12

limitations. Accordingly, these claims are dismissed as a matter of law pursuant to § 1915(e).

## II.     Remaining Claims

Plaintiff appears to raise several claims that may not relate specifically to the December 2006 and March 2009 incidents described above. The Court will discuss each of these in turn.

In Count IV, plaintiff alleges that his Sixth Amendment rights were violated because "[d]uring the abridged hearing held by the Board of Building Standards the plaintiff was not given a lawyer, which he should have been entitled to, because this was a camouflaged criminal procedure, because his homeowner rights were the penalty." (Am. Complt. at 24). He further claims that he had the right to a speedy trial and to be "adjudged by the jury with the assumption of innocence." (Am. Complt. at 24).

Plaintiff does not provide any underlying facts regarding the Board of Building Standards hearing at issue. He does not state when this hearing occurred or describe its purpose. Rather, plaintiff states only the legal conclusion that his rights were violated without providing the factual basis for his claim.

Although pleadings filed by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

As the Supreme Court further explained in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at

13

1949 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Indeed, while legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id*. at 1950.

The Court finds that Count IV of plaintiff's Amended Complaint fails to contain sufficient factual matter "to state a claim for relief that is plausible on its face" pursuant to *Iqbal, supra*. While plaintiff alleges generally that his Sixth Amendment rights were violated during a Board of Building Standards hearing, he does not plead any specific facts about that hearing to support his allegations. Rather, plaintiff's claim is comprised entirely of legal conclusions and "threadbare recitals of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. Even under the less stringent pleading standards afforded *pro se* litigants, Count IV of plaintiff's Amended Complaint is insufficient as it fails to allege any factual content to support its claim for relief.

Count VI fails for the same reason. In that Count, plaintiff alleges generally the "denial, and or abridgement of the plaintiff's Constitutional rights, (specifically the fourteenth amendment to the Constitution of the United States)(due process)." (Am. Complt. at 25). No further explanation of the factual basis of this claim is provided.

To the extent this due process claim is based upon either the December 2006 or March 2009 incidents, it is dismissed on res judicata and/or statute of limitations grounds for the reasons discussed *supra*. To the extent this claim is based upon some other factual predicate, it is dismissed pursuant to § 1915(e) for plaintiff's failure to contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1950.

In Count XIII, plaintiff appears to allege a takings claim relating to his Wyatt Road and

Quicy Avenue properties. The only facts provided by plaintiff regarding these properties or this claim is his statement that "[i]n the city's broad sweep, these buildings belonging to the plaintiff were demolished in the interim in the defendant's zeal for retribution, and in its belief that the courts have granted them an exemption from the requirements of due process and an adherence to the basic principles of the fourth amendment." (Am. Complt. at 27).

Plaintiff does not provide any facts regarding these two properties or the circumstances of their demolition. He does not state, for example, why these properties were demolished, when they were demolished, or whether he was provided any notice or opportunity to contest their demolition. The Court finds that, under *Iqbal*, plaintiff has failed to plead sufficient factual matter to state a claim for relief that is plausible on its face and, therefore, dismisses this Count pursuant to § 1915(e).

Finally, in Count XIV, plaintiff alleges generally that "[d]uring 2006 and continuing into 2007 the plaintiff was not granted a bail [sic] for an alleged misdemeanor offense" in violation of his Eighth Amendment rights. (Am. Complt. at 28). The factual basis of this claim is unclear. To the extent that it states a claim under § 1983 relating to events occurring in 2006 and 2007, the Court finds that said claim is barred by § 1983's two year statute of limitations. *See, e.g., LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*). To the extent this claim arises out of plaintiff's arrest and detention in December 2006 and/or March 2009, it is dismissed on res judicata grounds. Finally, to the extent this claim may relate to some other event occurring within the statute of limitations, it is dismissed for failure to plead sufficient factual matter to state a claim for relief that is plausible on its face. Accordingly, Count XIV is

dismissed as a matter of law pursuant to § 1915(e).

## **Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[10]

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 8/09/11　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[10] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.